91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Yousef Izat S. HAMDAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-3701.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1996.
 
 Before: KENNEDY and BOGGS, Circuit Judges; and RUSSELL, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner appeals a final order of deportation issued by the Board of Immigration Appeals (the "Board") on the grounds that the Board erroneously affirmed an Immigration Law Judge's decision that petitioner failed to establish that his deportation would result in "extreme hardship" to his wife and stepdaughter under 8 U.S.C. § 1182(h). For the following reasons, we AFFIRM the decision of the Board.
 
 I.
 
 2
 Petitioner Yousef Hamdan is a native of Israel and a citizen of Jordan, who lawfully entered the United States as a visitor on August 27, 1991. However, petitioner remained in the United States in excess of the lawful time period and was therefore found deportable at a January 13, 1993 hearing before an Immigration Law Judge ("ILJ"). The ILJ ordered that petitioner voluntarily depart the United States on or before July 13, 1993, or be deported to Jordan.
 
 
 3
 Petitioner instead filed a motion to reopen the proceedings because a visa petition filed by his wife had been approved. Because petitioner had been convicted in Ohio for trafficking in food stamps,[1] which the INS maintained was a crime involving moral turpitude thus rendering him ineligible for an adjustment of status, petitioner applied for a waiver of deportation under 8 U.S.C. § 1182(h).[2]
 
 
 4
 The motion to reopen was granted and the ILJ held a hearing to afford petitioner the opportunity to establish the requisite "extreme hardship" to his wife and stepdaughter. At the hearing, petitioner presented testimony from his wife and various family members who all testified to the effect that petitioner and his wife had a happy, loving relationship and that petitioner's stepdaughter identified with petitioner as her father.[3]
 
 
 5
 The ILJ denied the waiver and ordered petitioner deported from the United States to Jordan. While the ILJ did find that the testimony presented by petitioner impacted favorably on the exercise of discretion, it failed in the end to demonstrate that petitioner's "forced departure would cause a level of emotional hardship that would rise beyond that normally incidental to deportation." (JA at 16-17). Petitioner appealed this decision to the Board, which affirmed the decision of the ILJ based upon the reasons stated in his opinion. This appeal followed.
 
 II.
 
 6
 The sole issue on appeal is whether the Board erred in affirming the ILJ's decision that petitioner failed to establish that his deportation would result in "extreme hardship" to his wife and stepdaughter.[4] Petitioner argues that the testimony he presented established extreme hardship, while the government argues that the Board acted within its discretion in concluding that it did not. We agree with the government.
 
 III.
 
 7
 We review Board determinations of extreme hardship under the abuse of discretion standard. Babai v. I.N.S., 985 F.2d 252, 254 (6th Cir.1993). "In determining whether the Board abused its discretion, this court must decide whether the Board's decision was made 'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination.' " Hazime v. I.N.S., 17 F.3d 136, 140 (6th Cir.) (quoting Balani v. I.N.S., 669 F.2d 1157, 1161 (6th Cir.1982)), cert. denied, 115 S.Ct. 331 (1994).
 
 
 8
 We note at the outset that great deference is ordinarily extended to the determination of the Attorney General and her delegates as to what constitutes extreme hardship. I.N.S. v. Wang, 450 U.S. 139, 144-45 (1981) (per curiam). We further note that they "have the authority to construe 'extreme hardship' narrowly should they deem it wise to do so," and that "[s]uch a narrow interpretation is consistent with ... the exceptional nature of the suspension remedy." Id. at 145.
 
 
 9
 Petitioner bears the burden of establishing extreme hardship and must do so through a "showing of significant actual or potential injury." Hassan v. I.N.S., 927 F.2d 465, 468 (9th Cir.1991). Accordingly, the common results of deportation, such as separation from family and financial difficulties, are insufficient to establish extreme hardship. Palmer v. I.N.S., 4F.3d 482, 488 (7th Cir.1993); Osuchukwu v. I.N.S., 744 F.2d 1136, 1142 (5th Cir.1984). Rather, to establish extreme hardship, petitioner must make a showing of "at least hardship substantially different from and more severe than that suffered by the ordinary alien who is deported." Sanchez v. I.N.S., 755 F.2d 1158, 1161 (5th Cir.1985).
 
 
 10
 Petitioner has made no such showing. Both the ILJ and the Board recognized that the evidence submitted by petitioner impacted favorably upon the exercise of discretion but failed, in the end, to establish the requisite extreme hardship. The Board cited the following deficiencies: the lack of any documentary evidence to support petitioner's assertion of financial hardship to his wife; the fact that petitioner's testimonial evidence was merely of a general nature; the fact that petitioner's wife and stepdaughter had an extensive local family network that could provide them with support in his absence; and the fact that petitioner and his wife were married after deportation proceedings had been initiated, putting petitioner's wife on notice that he was subject to deportation and diminishing the importance of their marriage in the equitable determination of whether their separation constitutes extreme hardship. In sum, the Board decided that petitioner's forced departure would not cause a level of hardship above that normally associated with deportation. On the record before us, we conclude that the Board did not abuse its discretion in this decision.
 
 IV.
 
 11
 For the foregoing reasons, the decision of the Board is AFFIRMED.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Trafficking in food stamps violates OHIO REV.CODE § 2913.46 and is a felony offense
 
 
 [2]
 That subsection authorizes a discretionary waiver of deportation if--
 in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence ... it is established to the satisfaction of the Attorney General that the alien's exclusion would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien.
 8 U.S.C. § 1182(h)(1)(B).
 
 
 [3]
 When asked what she would do if petitioner were deported, petitioner's wife testified: "I'd go crazy. I wouldn't know what to do. He's there for me financially and stablely [sic] there for me, you know. I would lose it; I wouldn't know what to do." She further testified that she had only an eighth grade education and no employment history. Finally, speculating on what impact petitioner's deportation would have on her daughter (who did not testify), petitioner's wife stated: "My daughter would be--I don't know how she would take it because she has learned to know him as her father. Her real father is never there." (JA at 33-34)
 
 
 [4]
 Petitioner also attempts to argue, for the first time on appeal to this court, that the crime of trafficking in food stamps is not a crime of "moral turpitude" under 8 U.S.C. § 1251(a)(2)(A) necessitating a waiver under § 1182(h). However, we only have jurisdiction to review "the administrative record upon which the deportation order is based." 8 U.S.C. § 1105a(a)(4). Since petitioner has not previously raised this issue in the proceedings below, we cannot consider it here. See Kabongo v. I.N.S., 837 F.2d 753, 756 (6th Cir.), cert. denied, 488 U.S. 982 (1988)